UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHRISTOPHER MICHAEL VAUGHAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:12-CR-26-JRG-1 |
| | ) | 2:16-CV-219-JRG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 58]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on July 27, 2016 [Doc. 59]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the following reasons, Petitioner's § 2255 motion [Doc. 58] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

In 2013, Petitioner pled guilty to, and was subsequently convicted of, three Hobbs Act robberies, all in violation of 18 U.S.C. § 1951, two counts of possessing a firearm during and in relation to a crime of violence, both in violation of 18 U.S.C. § 924(c), and one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) [Docs. 43, 49, 54]. He received an aggregate sentence of 420 months' incarceration—concurrent 36-month terms for the Hobbs Act robberies and armed bank robbery, and consecutive 84-month and 300-month terms for two § 924(c) convictions [Doc. 54]. No appeal was taken, and Petitioner's conviction became final for

purposes of § 2255(f)(1) on October 2, 2013, at expiration of time to file an appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

Nearly three-years later—on June 27, 2016—Petitioner filed the instant petition for collateral relief seeking vacatur of his § 924(c) convictions in light of *Johnson* [Doc. 58].

## II. ANALYSIS OF PETITION

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his convictions under § 924(c)(1)(A), the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See*

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

*United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, both Hobbs Act robbery and armed bank robbery remain predicates capable of supporting the § 924(c) offenses.

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction for Hobbs Act robbery would remain a crime of violence under the provision because it qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction for Hobbs Act robbery, which by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically falls within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No.

---

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause). Likewise, Petitioner's conviction for armed bank robbery—which by definition involves taking or attempting to take from the presence of another by force or violence a thing of value in the care, custody, control, management, or possession of a bank, 18 U.S.C. § 2113(a)—categorically falls within the scope of the same. *See, e.g.*, *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

### III. CONCLUSION

For the reasons discussed, Petitioner's § 2255 petition [Doc. 58] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE